UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HARLIE J. FRAZIER, JR., )
                                    )
        Plaintiff, )    Case No. 1:06-cv-692
                                    )
v. )    Honorable Joseph G. Scoville
                                    )
MEIJER GREAT LAKES, L.P., )
                                    )    **OPINION**
        Defendant. )
_____)

This is a civil action brought by a *pro se* plaintiff against his former employer, Meijer Great Lakes, L.P. The action began in the Small Claims Division of the state district court. Plaintiff seeks to recover compensation for six weeks of vacation, five personal days, and one holiday, which he asserts Meijer owed him at the time his employment terminated in 2005. Defendant removed the case to this court on the ground that plaintiff's claim is for breach of a collective bargaining agreement and therefore arise under section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a). After removal of the case, the parties stipulated to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Consent and Order of Reference, docket # 16).

The discovery deadline has now passed, and defendant has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (docket # 22). Defendant's motion raises four grounds: (a) plaintiff's claims are barred by the six-month statute of limitations; (b) plaintiff failed to exhaust his grievance remedies under the collective bargaining agreement; (c) plaintiff's claims

are barred by his failure to pursue a claim that his union breached its duty of fair representation; and (d) defendant's refusal to pay plaintiff for his vacation days, personal days, and holiday did not violate the collective bargaining agreement. Plaintiff has filed a brief in opposition to the dispositive motion. Upon review of the record, the court concludes that plaintiff's claim is clearly barred by the statute of limitations. Consequently, it is unnecessary to reach the other grounds raised in defendant's motion. Judgment will be entered on behalf of defendant dismissing this action as untimely.

### Findings of Fact

The record establishes that the following facts are beyond genuine issue.[1]

1.   Plaintiff, Harlie Frazier, Jr., was employed by defendant as a food clerk in the produce department in July 1995. Throughout his employment, he was a member of the bargaining unit represented by Local 951, United Food and Commercial Workers. At the time of the events in question in this case, which occurred in the year 2005, plaintiff was a part-time employee at defendant's store on West Main Street in Kalamazoo, Michigan.

2.   At all relevant times, defendant and Local 951 had a collective bargaining agreement (CBA) that governed the terms and conditions of employment of all bargaining unit members, including plaintiff. (Winicki Aff. ¶ 3). Relevant portions of the CBA, effective September 14, 2003, are appended to the Winicki affidavit.

---

[1] Defendant requests that the court accept as admitted the twenty-five factual statements contained in defendant's requests for admission, which were served on plaintiff on December 15, 2006. Plaintiff never answered or objected to the requests for admissions, as required by Fed. R. Civ. P. 36. Because all relevant facts are established elsewhere in the record, it is not necessary for the court to rely on the unanswered Rule 36 requests.

3. Article 9 of the CBA expressly governs eligibility for and calculation of "Paid Time Off Benefits," including paid holidays, paid personal days, and paid vacation. Specifically, the CBA provides for paid holidays in section 9.2, for paid personal days in section 9.3, and for paid vacation in section 9.4.

4. At the time of his termination from employment in 2005, plaintiff was only working on Fridays. The last Friday that he worked was June 23, 2005. He was scheduled to work on the next three consecutive Fridays: June 30, July 7, and July 14. He did not, however, report to work on any of those days, nor did he call his supervisor. After his third failure to report for work on July 14, 2005, his employment was terminated pursuant to section 7.4 of the CBA.

5. Although plaintiff's employment was terminated on July 14, 2005, the paperwork was not submitted to the personnel department until August 19, 2005. The change of status form (Tolhurst Aff., Ex. B) was processed on September 2, 2005.

6. Article 5 of the CBA sets forth a procedure for resolving grievances. The last stage of the grievance resolution procedure is mandatory arbitration. There is no evidence before the court that plaintiff ever submitted a grievance or that he in any other fashion invoked the dispute resolution procedures made mandatory by the CBA.

7. Plaintiff initiated this action on August 23, 2006, by filing an affidavit and claim in the Small Claims Division of the state district court in Kalamazoo, Michigan.

**Discussion**

As its first ground for summary judgment, defendant contends that plaintiff's claim for unpaid vacation, holiday, and personal days is barred by the six-month statute of limitations

applicable to section 301 claims. Plaintiff resists this contention, on essentially two grounds. First, he contends that he is suing under the Michigan Wage and Fringe Benefits Act, MICH. COMP. LAWS § 408.471, *et seq.*, which requires an employer to pay all fringe benefits in accordance with the terms set forth in any written contract or policy. Second, plaintiff asserts that the obligation to pay these benefits did not arise from the CBA but represented standard terms and conditions of employment applicable nationwide.

Section 301 of the LMRA provides that suits for violation of contracts between an employer and a labor organization "may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185. In the landmark case of *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448 (1957), the Supreme Court held that suits under section 301 arise under federal law and that enactment of the statute authorized the federal courts to fashion a body of federal common law for the enforcement of collective bargaining agreements. 353 U.S. at 456-57. In *Local 174, Teamsters v. Lucas Flower Co.*, 369 U.S. 95 (1962), the Court determined that Congress's intent in enacting this section was for federal labor law to uniformly prevail over inconsistent state law. 369 U.S. at 103. Ultimately, the Supreme Court held that section 301 of the LMRA works a complete preemption over all state law concerning a collective bargaining agreement, whether that law is consistent or inconsistent with federal principles. *See, e.g., Allis-Chalmers Corp. v. Lucek*, 471 U.S. 202, 209-211 (1985). Under the *Lucek* case, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort."

471 U.S. at 211; *accord Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). The Sixth Circuit has held that section 301 has an unusually powerful preemptive force over a claim for relief sought exclusively under state law. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 723-24 (6th Cir. 2004).

As a consequence of this unimpeachable authority, plaintiff's attempt to enforce rights under a collective bargaining agreement pursuant to a state statute must be rejected. The Supreme Court has made it clear that section 301 occupies the field with regard to collective bargaining agreements, and any lawsuit requiring the interpretation or enforcement of such agreements must be governed by federal law, regardless of plaintiff's invocation of state law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A]ny claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Consequently, plaintiff's case, although brought under the state common law of contracts and state statutory law, must be deemed a claim under section 301 of the LMRA.

Nor is plaintiff correct in asserting that his right to vacation pay and other fringe benefits arises as a matter of national custom, unrelated to the CBA. An employee's right to vacation pay and other fringe benefits is not dictated by state or federal law or by the custom of the industry. Rather, such matters arise by contract, either express or implied. In the present case, the contract is express and is embodied in the collective bargaining agreement between defendant and Local 951. Michigan law is not to the contrary. The Michigan courts have held that the statute upon which plaintiff relies does not require the payment of any fringe benefits in and of itself. Rather, it provides a procedural mechanism for enforcing the payment of benefits that the parties have already agreed should be paid. *Carpenter v. Flint Sch. Dist.*, 321 N.W.2d 772, 774 (Mich. Ct. App. 1982).

This court therefore holds that plaintiff's claim for fringe benefits under the collective bargaining agreement arises under section 301 of the LMRA and is governed by the substantive and procedural law appropriate to section 301 actions. One of the procedural aspects of section 301 cases is the requirement that they be filed within six months of their accrual. *See DelCostello v, Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). A section 301 claim accrues when an employee discovers, or should have discovered with the exercise of due diligence, acts giving rise to the cause of action. *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996). As set forth in the Statement of Facts, although plaintiff was discharged as of July 14, 2005, the paperwork was not completed until September 2, 2005. He should have known at that point that the company would not be paying his fringe benefits. In his brief, plaintiff nevertheless asserts that he was employed by defendant until the week ending September 17, 2005, at which point he quit of his own accord. (docket # 28, at 4). Although plaintiff has not set forth any facts to support this contention, the court will accept it for purposes of analysis and will assume that plaintiff's employment ended on September 17, 2005. Even accepting this date, plaintiff was bound to bring suit within six months thereof, or March 17, 2006. This action was not commenced until August 2006.

In summary, the court finds that plaintiff's claim arises under section 301 of the LMRA and that all state-law claims are preempted. The statute of limitations for section 301 claims is six months after accrual, and plaintiff failed to commence his action before the expiration of that time period. This action must therefore be dismissed on the ground of the statute of limitations. In light of this holding, defendant's other grounds for summary judgment are rendered moot.

Dated:  April 11, 2007              /s/  Joseph G. Scoville
                                    United States Magistrate Judge